IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11551
Conference Calendar

_____

RICHARD TERRANCE AYERS,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director, TDCJ;
DEBRA LILES, Assistant Director Operational
Review of TDCJ-ID; STANLEY WILSON, Chaplain,
TDCJ Robertson Unit,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-1-BA
- - - - - - - - - -
August 18, 1997

Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Richard Terrance Ayers, Texas prisoner # 468361, appeals the dismissal of his civil rights action against James Collins, the Director of the Texas Department of Criminal Justice, and Deborah Liles, the Assistant Director for Operational Review, in their individual capacities.  He argues that he was deprived of food that conformed to the requirements of the Hindu religion and

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that met nutritional standards equal to those of inmates who were members of the Christian faith.

We have reviewed the record and the brief and hold that the magistrate judge did not err.  Although Ayers has alleged personal involvement by Collins and Liles, the facts presented at the hearing pursuant to Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985), do not bear out his allegations.  Ayers alleged that Collins changed the food policy; however, he did not allege facts that indicate that the change in policy was detrimental. He stated that he could request "vegetables only" in the food line and that his food was delivered to his cell when he was in lockdown.  Ayers has not established a causal connection between the policy, as he describes it, and the limited instances during his stay in lockdown in which there was fault with his meal.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  As to Liles, Ayers has not alleged facts to support a causal connection between the policy governing the security of inmates in lockdown and the alleged First Amendment violation.  Id.

AFFIRMED.